**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SURENDRA SINGH, | No. 10-71935 |
| Petitioner, | Agency No. A078-661-818 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:      CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Surendra Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

denial of a motion to reopen, and review de novo due process claims. *Mohammed*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because it was filed nearly eight years after the BIA's April 24, 2002, order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of the final order), and Singh failed to establish grounds for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"). It follows that Singh's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**